### DIETCH v. FORD.

(Supreme Court, Appellate Division, Second Department. March 13, 1900.)

1. REPLEVIN—PLEADING—DESCRIPTION OF PROPERTY—POSSESSION ADMITTED—
APPEAL.
    A judgment in replevin will not be reversed because plaintiff was not required to enumerate in her complaint the articles sought to be recovered, when defendant's answer admits the possession of the property.

2. SAME.
    Where, in replevin for property alleged by plaintiff to have been leased by her to defendant, the latter admits the possession, but claims to have purchased the property of a third person, so that the issue presented is purely one of fact, and the position of each party is supported by positive proof, the judgment of the trial court thereon will not be reversed on appeal.

Appeal from municipal court, borough of Brooklyn, Fourth district.

Action by Hattie Dietch against Clara Ford for the possession of certain personal property. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Rufus L. Scott, for appellant.
William Van Wyck, for respondent.

WILLARD BARTLETT, J. There are only two exceptions in the record, and neither of them presents reversible error. The relations between Warren G. Abbott and Mrs. Dell Ward, from whom the plaintiff was alleged to have purchased the furniture in controversy, were in no wise material to any of the issues in the case; nor was it error to decline to compel the plaintiff to enumerate the articles she

was suing for, inasmuch as the answer admitted that the defendant had acquired possession of the articles mentioned in the complaint, and the principal question litigated was whether said furniture was rented from the plaintiff, or was purchased from Mr. Abbott. The plaintiff contended that she rented it to the defendant, who agreed to pay $5 a week for its use. In the complaint, however, she waived any demand for rent, and sought merely the recovery of the furniture, or $500 for the retention thereof. The defendant, on the other hand, averred that she had purchased the furniture from Mr. Abbott for $500, and that she had paid the purchase money by furnishing board to him and other persons at his instance, upon his agreement that her claim for such board should be credited on account of the purchase price of the furniture. These issues were fairly litigated, the position of each party being supported by positive proof. The witnesses could not all have told the truth. It cannot fairly be said, however, that there is not ample evidence to sustain the finding of the municipal court in favor of the plaintiff. On the contrary, the conflicting proofs presented a question of fact, pure and simple, in disposing of which the trial court may well have been largely influenced by the appearance of the witnesses and their manner of testifying; and the case presents no feature which, as it seems to me, would warrant us in setting aside the decision as against the evidence. I do not think we can interfere with the result without exercising functions which do not belong to an appellate court. I therefore recommend an affirmance of the judgment.

Judgment of the municipal court affirmed, with costs. All concur.